FILED

**February 2, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:24 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **RONALD REESE,** | ) | **Docket No.: 2015-03-0231** |
| Employee, | ) | |
| v. | ) | **State File Number: 15986-2015** |
| **WASTE CONNECTIONS, INC.** | ) | |
| Employer, | ) | **Judge Pamela B. Johnson** |
| and | ) | |
| **ESIS, INC.** | ) | |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## DENYING TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the Employee, Ronald Reese, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are (1) whether Mr. Reese sustained an injury arising primarily out of and in the course and scope of his employment with the Employer, Waste Connections, Inc. (WCI); (2) whether Mr. Reese is entitled to past and/or future medical benefits; and (3) whether Mr. Reese is entitled to past or future temporary disability benefits. For the reasons set forth below, the Court finds that Mr. Reese demonstrated that he is not likely to prevail at a hearing on the merits on the central legal issues. Accordingly, his request for temporary disability and/or medical benefits is denied.[1]

### History of Claim

Mr. Reese is a fifty-one-year-old resident of Knox County, Tennessee. Mr. Reese worked for WCI as a truck driver for ten years. Mr. Reese's job required him, among other things, to bend and twist at the waist, pick up seventy-five pounds approximately two hundred times per day, climb in and out of the truck cab approximately three hundred and fifty times per day with a fifty-six inch step, and walk ten or more miles per day. (Ex. 5.) His job further required him to collect garbage and recycling from an average of

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

five hundred to one thousand, two hundred homes or sites per day, and up to seventy residences per hour. (Ex. 5.) Mr. Reese testified that, due to the strenuous physical nature of his job, he often felt pain at the end of the day and end of the workweek. He further testified that he went home, recovered over the weekends, and returned to work the following workweek.

On February 13, 2015, Mr. Reese testified he felt back pain at the end of his shift. He further testified that he intended to go home, recover over the weekend, and return to work as usual the following workweek. Mr. Reese testified that, the following morning (Saturday), he woke up in pain. Later that day, he picked up a bag of groceries, felt pain, and "went down to the floor."

Mr. Reese testified that, when his supervisor contacted him on Sunday to ask him to report to work early due to an approaching winter storm, he testified he told his supervisor that he thought he hurt his back badly and advised it might become necessary for him to seek medical treatment.

Due to the winter weather, Mr. Reese was unable to seek medical treatment for several days. On February 17, 2015, Mr. Reese sought medical care from Dr. William Broome. (Ex. 4, 02/17/2015 Office Visit.) Dr. Broome noted:

The patient is seen today because of sudden onset of left lower back pain. The pain started initially 3 days ago. He was carrying some groceries. No injury. He had surgery for a herniated disc about 15 years ago. He has a job that requires a lot of bending, and stooping and lifting. He has some pain radiating into his left buttocks.

*Id.* Dr. Broome diagnosed Mr. Reese with low back pain and lumbar degenerative disc disease. *Id.* Dr. Broome further indicated, "This patient has acute ankle [sic] back pain with possible left-sided nerve root compression." *Id.* Dr. Broome referred Mr. Reese to physical therapy and placed him off work for the "next 4-5 days." *Id.*

On February 23, 2015, Mr. Reese saw Dr. J. Donald King, Jr. at Nova Medical Center. (Ex. 4, 02/23/2015 Office Visit.) The "Description of Injury" provided in the February 23, 2015 Office Note stated, "On 02/13/2015 After 3:00pm lifting trash cans and sustained injury to left lower back." *Id.* Dr. King obtained x-rays and diagnosed "Left Sprain sacroiliac-Sprain of sacroiliac ligament" and "Left Not elsewhere classified-Sacroillitis." *Id.* Dr. King recommended physical therapy, prescriptive medication therapy, ice, and a steroid injection. *Id.* Dr. King assigned work restrictions including no lifting more than five pounds per day and limited standing/walking/climbing, kneeling/squatting, bending/stooping, pushing/pulling, and twisting. (Ex. 4, 02/23/2015 Work Status/Restrictions Form.)

Mr. Reese continued to treat with Dr. King, who recommended continuation of physical therapy and work restrictions. On March 12, 2015, when Mr. Reese failed to improve after completing physical therapy and receiving cortisone injections, Dr. King recommended a lumbar spine MRI scan. (Ex. 4, 03/12/2015 Office Visit.) The MRI showed: (1) "Degenerative disc disease with left posterolateral annular fissure at L3-4"; (2) "Small left posterolateral disc herniation at L4-5 extending into the left foramen. No frank nerve root impingement is seen"; and (3) "Sacroiliac joint arthritis on the right." (Ex. 4, 04/03/2015 Office Visit.) On April 3, 2015, Dr. King continued Mr. Reese's work restrictions and noted, "Orthopedic consultation is pending." *Id.*

On April 27, 2015, WCI issued a Notice of Denial of Claim for Compensation, Form C23, stating, "There was no compensable injury by accident that occurred within the claimant's course and scope of employment with Waste Connections." (Ex. 2.)

Mr. Reese filed a Petition for Benefit Determination on June 10, 2015, seeking medical and temporary benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN) on July 28, 2015. Mr. Reese filed a Request for Expedited Hearing on September 17, 2015, and this Court heard the matter on December 15, 2015.

At the Expedited Hearing, Mr. Reese asserted he sustained a gradual injury to his low back, caused by the strenuous physical activity required by his job, and resulting in a herniated disc at L3-4. He argued his low back injury occurred during the course of his employment and did not occur due to lifting a light bag of groceries at home. He asked the Court for temporary disability benefits and past and future medical benefits.

WCI countered that Mr. Reese's alleged date of injury is not credible and conflicts with the medical records. WCI argued it was well after February 2015 before Mr. Reese mentioned a work-related injury. WCI asserted that Mr. Reese failed to meet the definition of injury by accident and failed to demonstrate a causal relationship between his employment and his alleged injury. WCI additionally asserted that Mr. Reese failed to establish entitlement to temporary disability benefits.

During the Expedited Hearing, Mr. Reese sought to introduce an April 20, 2015 medical report from Dr. Broome, three letters from Dr. Greg King at Knoxville Pain Center to Dr. J. Jonathan Degnan, and a WCI Certification of Health Care Provider/ Return to Work Recommendations. (Exs. 6, 7, and 9, *Marked for Identification Only.*) WCI objected to the introduction of these documents on grounds that Mr. Reese failed to provide copies prior to the Expedited Hearing and in violation of this Court's Practices and Procedures and the Mediation and Hearing Procedures. This Court marked the documents for identification only and advised that the matter would be taken under advisement.

3

Rule 0800-02-21-.10(2) (2015) of the Tennessee Compilation of Rules and Regulations provides:

> After a petition for benefit determination is filed, each party shall promptly provide the other parties with copies of any medical records in their possession. Further, *each party shall provide copies of any medical reports received* during the course of the proceeding, as they receive them, *to all other parties within fourteen (14) calendar days of receipt.*

*Id.* (emphasis added.)

Rule 0800-02-21-.14(1)(a) (2015) provides:

> All motions for expedited hearing *must be accompanied by* affidavits and *any other information* demonstrating that the employee is entitled to temporary disability or medical benefits.

*Id.* (emphasis added.)

Rule 0800-02-21-.16(6) provides further:

> All medical records shall be exchanged among the parties in the manner provided by these rules.
>
> (a) *All medical records designated by the parties to be presented as evidence at a scheduled hearing shall be filed with the [Bureau] no later than (10) business days before the scheduled hearing date.* Except for good cause shown, *failure to comply may result in the exclusion of any medical record that is not filed timely* or the assessment of costs or sanctions against the party or the attorney of the party designating the medical record.

*Id.* (emphasis added.)

Rule 7.01 of this Court's Practices and Procedures states in part:

> *All evidence to be considered by the Court during the Expedited Hearing* or Compensation Hearing *shall be submitted in accordance with the applicable rules and regulations set forth in 0800-02-21. Absent extraordinary circumstances* and approval of the assigned Judge, *evidence may not be considered if submitted after the expiration of the applicable rules and regulations.*

4

A. Medical Records. *Pursuant to Rule 0800-02-21-.16(6), all medical records designated by the parties to be presented as evidence at a scheduled hearing shall be filed with the Bureau no later than ten business days before the scheduled hearing date.*

*Id.* (emphasis added.)

In accordance with the Tennessee Compilation of Rules and Regulations and this Court's Practices and Procedures, the Court excludes and will not consider the April 20, 2015 medical report from Dr. Broome, the three letters from Dr. Greg King at Knoxville Pain Center to Dr. J. Jonathan Degnan, and the WCI Certification of Health Care Provider/ Return to Work Recommendations. For purposes of any appeal of this Expedited Hearing Order, these documents shall be marked for identification purposes only. (Exs. 6, 7, and 9, *Marked for Identification Only.*)

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

At an Expedited Hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an Expedited Hearing, an employee has the burden to come forward with sufficient evidence from which the Trial Court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

To be compensable under Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2015). The term "injury" is defined as "an injury by accident . . . or cumulative trauma condition . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the

5

employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015).

Here, Mr. Reese testified that the injury occurred gradually and as a result of the strenuous nature of his job. He testified in detail as to the specific and physically-demanding tasks he performed each day that led to his back pain. He further testified that, on February 13, 2015, he left work feeling back pain. He awoke the next morning with back pain and later, when he went to lift a light bag of groceries, he felt pain and "went down to the floor." This Court finds that Mr. Reese presented sufficient evidence demonstrating an "injury" caused by "a specific incident, or set of incidents" and "identifiable by time and place of occurrence."

The analysis then focuses on whether Mr. Reese's injury arose primarily out of and in the course and scope of employment. An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). The medical records admitted into evidence do not contain an opinion from any physician stating Mr. Reese's employment contributed more than fifty percent in causing his back injury. In fact, while the records demonstrate that Mr. Reese provided a history of "carrying some groceries" and "a job that requires a lot of bending and stooping and lifting," the medical records admitted into evidence are silent as to cause of his back injury. Therefore, as a matter of law, Mr. Reese has not come forward with sufficient evidence demonstrating that he is likely to prevail at a hearing on the merits. His requests for temporary disability and medical benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Reese's claim against WCI and its workers' compensation carrier for the requested benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on **Tuesday, March 29, 2016**, at **3:00 p.m.** Eastern time.

**ENTERED this the 2nd day of February, 2016.**

**Judge Pamela B. Johnson**
**Court of Workers' Compensation Claims**

6

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Pamela B. Johnson, Court of Workers' Compensation Claims. You must call 865-594-0091 or toll-free at 855-543-5041 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and

accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical record:[2]

- Petition for Benefit Determination, filed June 10, 2015;
- Dispute Certification Notice, filed July 28, 2015;
- Request for Expedited Hearing, filed September 17, 2015;
- Motion to Dismiss Request for Expedited Hearing, filed September 22, 2015; and
- Order Denying Motion to Dismiss Request for Expedited Hearing and Order Setting Request for Expedited Hearing for an In Person Evidentiary Hearing, issued October 15, 2015.

Exhibits:

- EXHIBIT 1: Affidavit of Ronald Reese;
- EXHIBIT 2: Notice of Denial of Claim for Compensation, Form C23;
- EXHIBIT 3: Wage Statement, Form C41;
- EXHIBIT 4, COLLECTIVE: Medical Records of Nova Care Medical Center, dates of service February 17, 2015 through April 3, 2015;
- EXHIBIT 5: Job Description;
- EXHIBIT 6 (Marked for Identification Only): April 20, 2015 Office Visit with Dr. Broome;
- EXHIBIT 7, COLLECTIVE (Marked for Identification Only): Medical Records of Knoxville Pain Clinic;
- EXHIBIT 8: Medical Record of Dr. Degnan; and
- EXHIBIT 9 (Marked for Identification Only): WCI Certification of Health Care Provider/ Return to Work Recommendations.

Stipulation of Findings of Fact:

- Mr. Reese's date of alleged injury is February 13, 2015.
- Mr. Reese's average weekly wage was $715.53, which resulted in a compensation rate of $475.69.

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Ronald Reese, Self-Represented Employee | X | | X | 5121 Spring Valley Drive Knoxville, TN 37917 RonaldF.Reese.64@gmail.com |
| G. Gerald Jabaley, Esq. Employer's Attorney | | | X | gjabaley@wimberlylawson.com aburge@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10